**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHRISTOPHER J. BARNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1914-J** |
| | ) | |
| **BRANDY GABERIEL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Christopher J. Barnett, a state prisoner proceeding pro se, filed a Complaint seeking relief under 42 U.S.C. § 1983. Doc. 1. United States District Judge Bernard M. Jones, II, referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned now considers Plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP"). Doc. 2 ("Application"). For the reasons set forth below, the undersigned recommends that the Court deny Plaintiff's Application and dismiss this action without prejudice, unless Plaintiff pays the full filing fee of $405.00 within 30 days of any order adopting this Report and Recommendation.[1]

## I. Analysis

### A. Plaintiff's Application should be denied.

In his Application, Plaintiff states: "I have funds to pay the filing fee but I am in seg and will be here for months. I need to call to have a money order sent. I am not allowed

[1] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted in forma pauperis status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

to use the phone in seg." Doc. 2 at 1. Plaintiff also states: "I received about 2000 recently for my birthday. I have around 500 left, but it is not in my prison acct." *Id.* at 2.[2] Finally, Plaintiff reiterates: "I cannot use a phone to have money sent and I do not have a mailing address." *Id.* at 3.[3]

Because Plaintiff states he has funds to pay the filing fee, he has not shown "a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Though he asserts he is unable to access those funds, such assertion does not establish that he qualifies to proceed IFP. *See Gieswein v. Oklahoma*, No. CIV-20-01206-PRW, 2021 WL 12164768, at *2 (W.D. Okla. Feb. 2, 2021) (denying an application for IFP in part because the petitioner "admits twice that he has the filing fee, but cannot get access to his account at this time," and that he "could pay the . . . filing fee" (citation modified)). Accordingly, because Plaintiff has not shown that he qualifies for authorization to proceed, his Application should be denied. *See Lister*, 408 F.3d at 1312

---

[2] Plaintiff asserts he has "no money in [his] prison account." Doc. 2 at 4. The undersigned notes that Plaintiff has at least three strikes under the Prison Litigation Reform Act ("PLRA"). Doc. 1 at 3; *Barnett v. Bridges*, --- F.4th ---, 2026 WL 2029797, at *1 (10th Cir. July 14, 2026). As such, Plaintiff cannot be granted IFP status unless he presents specific, credible allegations of imminent danger of serious physical injury. *See id.* (explaining the exception of "imminent danger" to the PLRA's three-strike rule). Such allegations must make clear that (1) "the imminent danger of serious physical injury that the litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint," and (2) "a favorable judicial outcome would *redress* that injury." *Id.* at *2.

[3] In the Complaint, Plaintiff similarly states: "Please allow me to proceed IFP. I can and will pay the $452.00 filing fee as soon as I am out of seg." Doc. 1-6 at 8. As noted in footnote 1, however, the current filing fee is $405.00, not $452.00.

(noting that "to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees"); 28 U.S.C. § 1915(a)(1).

**B. Plaintiff should be granted 30 days to pay the filing fee.**

Due to Plaintiff's allegations that he will be "in seg" "for months," the undersigned recommends giving Plaintiff longer than the standard 21-day period in which to pay the filing fee. *See* LCvR3.3(e) ("In the event the application is denied, the filing party shall have 21 days, unless a different time is specified by the court, within which to pay the required filing fees."). If Plaintiff is unable to access his funds prior to his deadline for payment, he may seek an extension of time. *See Gieswein*, 2021 WL 12164768, at *2 (denying application for IFP but granting the petitioner's request for extension in which to pay). The undersigned emphasizes, however, that Plaintiff would be required to demonstrate good cause for any extension. Fed. R. Civ. P. 6(b)(1).

The undersigned also notes Plaintiff's Complaint alleges violations of his civil rights based on events that occurred between July 14, 2026, and July 20, 2026. *See generally* Doc. 1-6. As such, if Plaintiff sought an extension and could not show good cause, resulting in dismissal of the Complaint without prejudice, Plaintiff is not likely to be barred from refiling due to the applicable statute of limitations. *See Stillwell v. Neely*, No. CIV-24-482-D, 2024 WL 4437140, at *2 n.2 (W.D. Okla. Oct. 7, 2024) ("A two-year statute of limitations governs Plaintiff's § 1983 claim."); *see also Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (explaining that Oklahoma's two-year statute of limitations applies to a civil rights action brought under § 1983). Further, it does not appear that Plaintiff has exhausted his administrative remedies for the claims he presents in his Complaint. *See*

Doc. 1-5 at 1 (indicating Plaintiff's "grievance is being reviewed"); *see also generally id.* (including grievances related to only one of Plaintiff's claims). As such, Plaintiff's Complaint may be subject to dismissal even if he does pay the filing fee. *See, e.g., Estrada v. Smart*, 107 F.4th 1254, 1259 (10th Cir. 2024) ("Exhaustion under the [Prison Litigation Reform Act] is 'mandatory' and 'unexhausted claims cannot be brought in court.'" (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007))).

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application, Doc. 2. The undersigned further recommends that the Court dismiss this action without prejudice to refiling unless Plaintiff pays the full filing fee of $405.00 within 30 days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the Court not later than **August 24, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 3rd day of August, 2026.

Chris M. Stephens
_______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE